12 F.3d 215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Scottie Orlando RODGERS, Defendant-Appellant.
 No. 93-3205.
 United States Court of Appeals, Sixth Circuit.
 Nov. 23, 1993.
 
 Before: KENNEDY, MARTIN, and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Scottie Orlando Rodgers appeals the district court's imposition of a twenty-four-month sentence based on its finding that he committed a violation of his supervised release. For the following reasons, we affirm.
 
 
 2
 On February 6, 1989, Scottie Orlando Rogers pled guilty to a charge of unarmed bank robbery, in violation of 18 U.S.C. Sec. 2113(a)(2). Rodgers was subsequently sentenced, on April 10, to a thirty-seven-month term of imprisonment, followed by a two-year period of supervised release. On February 2, 1993, the probation department filed a petition alleging that Rodgers had violated the conditions of his release by assisting in the sale of cocaine to an undercover police officer. The report also alleged five other violations of the release conditions, none of which Rodgers challenges directly on appeal. A hearing was conducted on February 23.
 
 
 3
 At the hearing, Shawna Sizemore, Rodgers' probation officer, testified regarding the alleged cocaine sale. Sizemore recounted that: (1) in November 1992 she observed Rodgers in possession of a hand-held cellular telephone; (2) approximately one week later an anonymous telephone caller informed her that Rodgers was dealing drugs from his residence; and (3) she subsequently spoke to Toledo Police Vice Detectives William Rogers and Tom Young, who confirmed that Rodgers was involved in drug transactions. She further testified that customer account records indicated that Rodgers used 2,157 minutes of cellular phone air time in November 1992, and that on January 4, 1993, Rodgers made a $200 cash payment from "a large wad of money" on his cellular phone account. In November 1992, Rodgers also purchased a vehicle for $350. By his own admission, Rodgers made these expenditures while he was unemployed and without a legitimate source of income.
 
 
 4
 Detective William Rogers testified that on January 20, 1992, he made an undercover purchase of one half ounce of crack cocaine from Rodgers' residence. The detectvie recounted that he in fact obtained the cocaine from and made a payment to several individuals other than Rodgers, but that Rodgers arranged the transaction and provided his residence as the location for the deal.
 
 
 5
 Based on Probation Officer Sizemore's and Detective Rogers' testimony, the court found, by a preponderance of the evidence, that Rodgers had violated the conditions of his supervised release by aiding and abetting others in the sale of crack cocaine. U.S.S.G. Sec. 7B1.1 provides, in pertinent part, that a Grade A violation includes "conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment exceeding one year that ... (ii) is a controlled substance offense." Accordingly, the court found that Rodgers had committed a Grade A violation, revoked his supervised release, and sentenced him to a twenty-four-month term of imprisonment pursuant to U.S.S.G. Sec. 7B1.4. This timely appeal followed.
 
 
 6
 Although Rodgers concedes that he committed less serious breaches of the conditions of his supervised release, he alleges that the district court erred in finding that he committed a Grade A violation. In support of this position, Rodgers notes that the officers who investigated the January 20 drug transaction at his residence did not "charge him with any crime," and that he did not actually participate in that transaction. The evidence before the court, he contends, was therefore insufficient to establish that his conduct amounted to a felony level controlled substance offense. We disagree.
 
 
 7
 As the district court correctly noted, in order to revoke a person's supervised release, it must find by a preponderance of the evidence that the person violated a condition of the supervised release. 18 U.S.C. Sec. 3583(e)(3). Given the testimony of Probation Officer Sizemore and Detective Rogers, we find that the district court was not clearly erroneous in reaching the conclusion that Rodgers committed a Grade A violation of the conditions of his supervised release.
 
 
 8
 Rodgers' reliance on the fact that he was not charged with any crime as a result of the January 20 drug transaction is wholly without merit. Application Note 1 to U.S.S.G. Sec. 7B1.1 specifically provides that:
 
 
 9
 [a] violation of th[e] condition [that a defendant not commit a crime] may be charged whether or not the defendant has been the subject of a separate federal, state, or local prosecution for such conduct. The grade of violation does not depend upon the conduct that is the subject of criminal charges or of which the defendant is convicted in a criminal proceeding. Rather, the grade of the violation is to be based on the defendant's actual conduct.
 
 
 10
 Finally, whether Rodgers participated in the actual physical exchange of drugs for money is immaterial to the court's finding that "he aided and abetted others in the sale of half an ounce of cocaine."
 
 
 11
 The judgment of the district court is affirmed.