**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-5076

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THELMIAH LEE, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Marvin J. Garbis, Senior District Judge. (CR-00-477-MJG)

Submitted:  May 25, 2005

Decided:  June 28, 2005

Before LUTTIG, WILLIAMS, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Peter R. Johnson, Assistant Federal Public Defender, Sherri Keene, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant.  Allen F. Loucks, United States Attorney, Barbara S. Skalla, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Thelmiah Lee, Jr. appeals the district court's judgment revoking his supervised release and sentencing him to twenty-three months in prison. We affirm.

We review a district court's decision to revoke a defendant's supervised release for an abuse of discretion. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C.A. § 3583(e)(3) (West Supp. 2004). Our review of the record convinces us that, in the instant appeal, the district court did not abuse its discretion.

On appeal, Lee contends that the district court erred in revoking his supervised release because one of the alleged violations which the court considered in making its determination -- his arrest and charge with driving without a license -- was not a condition of his probation. A defendant on supervised release is subject to the condition that he not "*commit* any federal, state or local crime" during his term of supervision. See 18 U.S.C. § 3583(d) (2000). Lee asserts that the term "commit" requires an actual conviction of a crime. The U.S. Sentencing Guidelines Manual ("USSG") § 7B1.1, cmt. (n.1) (2004), however, provides that:

> Under 18 U.S.C. §§ 3563(a)(1) and 3583(d), a mandatory condition of probation and supervised release is that the defendant not commit another federal, state, or local crime. A violation of this condition may be charged

- 2 -

> whether or not the defendant has been the subject of a separate federal, state or local prosecution for such conduct.

Thus, there is no express requirement that a conviction is required to prove that Lee committed a state crime. See United States v. Correa-Torres, 326 F.3d 18, 20 (1st Cir. 2003) (citing United States v. Jolibois, 294 F.3d 1110, 1114 (9th Cir. 2002); USSG § 7B1.1, cmt. (n.1)) ("So long as the government could prove that the appellant committed the proscribed acts, the terms of his release would be violated even in the absence of an actual conviction.").

Lee further contends that the district court erred in revoking his supervised release, in part, on a violation for submitting an untruthful probation report where the court's finding was based on an assumption, and not actual evidence of the underlying facts. We find that the evidence was sufficient that the district court could reasonably conclude, by a preponderance of the evidence, that Lee submitted a false statement in his monthly report to his probation officer. Moreover, the district court found Lee's violation of state law in connection with driving without a license sufficient to establish a violation of the conditions of Lee's supervised release. Consequently, any arguable error in connection with the finding that Lee submitted a false monthly report was harmless because it did not affect the ultimate sentence imposed or Lee's substantial rights. See Fed. R. Crim. P.

52(a); <u>United States v. Verduzco</u>, 330 F.3d 1182, 1184 (9th Cir. 2003) (finding that harmless error applied to supervised release proceedings).

Finally, Lee asserts that the violation petition failed to satisfy the requirements of due process as it provided him with insufficient notice of the alleged violation. Because Lee failed to raise this issue to the district court, or to show plain error or a fundamental miscarriage of justice, we find he has waived the issue on appeal. <u>See</u> <u>United States v. Olano</u>, 507 U.S. 725, 732-37 (1993); Fed. R. Crim. P. 52(b).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>