**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 06a0092n.06**
**Filed: February 6, 2006**

**05-5077**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JAMES A. STANBACK, | ) | WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

Before: NELSON, DAUGHTREY, and ROGERS, Circuit Judges.

PER CURIAM. The defendant, James Stanback, appeals the sentence imposed by the district court following his entry of a guilty plea to the charge of being a felon in possession of a firearm. Because the sentencing order was entered prior to the release of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), the district court imposed a 37-month term of incarceration in accordance with the then-mandatory provisions of the United States Sentencing Guidelines. The defendant contends that the district judge erred in not submitting to a jury the question of whether his prior conviction involved a "crime of violence," and in treating the suggested guideline sentencing range as mandatory.

Even after *Booker*, a sentencing court need not submit issues regarding the fact or nature of prior convictions to a jury. The district judge thus did not err in determining that Stanback had committed a prior crime of violence. However, because the court treated the sentencing guidelines as mandatory, the case must be remanded for resentencing under *Booker*.

## I._FACTUAL AND PROCEDURAL BACKGROUND

Following Stanback's guilty plea, the district court determined that Stanback's prior felony conviction was for a "crime of violence" and thus assigned him a base offense level of 20, rather than the base offense level of 14 otherwise provided by the sentencing guidelines. *See* U.S. SENTENCING GUIDELINES MANUAL §§ 2K2.1(a)(4)(A), 2K2.1(a)(6). After concluding that the defendant had a criminal history category of III and deserved a three-level reduction for acceptance of responsibility, the district court ordered that Stanback be sentenced in the range provided for level 17, criminal history category III – between 30 and 37 months.

Before imposing sentence, the district judge noted that the defendant had recently been convicted of another offense, this one involving "simple assault, domestic violence." The court then indicated "because of this new conviction that a sentence at the upper end of the range is appropriate . . . I'm going to commit you to the custody of the Bureau of Prisons for a term of 37 months," the maximum sentence in the applicable guideline range. Stanback now appeals the propriety of that term of imprisonment.

## II. DISCUSSION

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the United States Supreme Court confirmed that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. *See also Booker*, 543 U.S. at ___, 125 S.Ct. at 756. Stanback now asserts that the district court violated this constitutional principle by itself determining, without concession by the defendant or the intervention of a jury, that one of Stanback's prior felony convictions was for a "crime of violence." We recently held, however, that

> . . . case law establish[es] that *Apprendi* does not require *the nature of prior convictions* to be determined by a jury. . . . Moreover, there is no language in *Booker* suggesting that the Supreme Court, as part of its remedial scheme adopted in that case, intended to alter the exception to *Apprendi allowing district courts to consider the fact and nature of prior convictions without submitting those issues to the jury*.

*United States v. Barnett*, 398 F.3d 516, 525 (6th Cir. 2005) (emphasis added).

Stanback argues that the efficacy of *Barnett* has been undermined by the United States Supreme Court's opinion in *Shepard v. United States*, 125 S.Ct. 1254 (2005). In *Shepard*, the Court held that a sentencing court may *not* "look to police reports or complaint applications to determine whether an earlier guilty plea necessarily admitted, and supported a conviction for, generic burglary." *Id.* at 1257. Instead, the Court reaffirmed that a sentencer "determining the character of an admitted burglary is generally limited to examining the statutory definition, charging document, written plea agreement, transcript

-3-

of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Id.* Thus, *Shepard* did not outlaw judicial fact-finding in the context of prior convictions, but rather merely limited the sources of information that a sentencing court can consider.

Stanback's prior conviction at issue in this appeal was for "aggravated assault," an offense defined statutorily in Tennessee as an intentional, knowing, or reckless assault that "causes serious bodily injury to another," or that involves the use or display of a deadly weapon. *See* TENN. CODE ANN. §§ 39-13-102(a)(1) and (2). Because the district court could determine, without reference to potentially biased opinions or conjecture, that such a criminal act clearly constitutes a "crime of violence," the court did not err in considering the prior offense in the calculation of the appropriate base offense level. Stanback is not entitled to resentencing on this basis.

The defendant is, however, entitled to a new sentencing hearing to determine the appropriate sentence under the now non-mandatory sentencing guidelines, following the amendment of the presentence report to reflect his subsequent conviction and its effect, if any, on his criminal history calculation. *See Barnett*, 398 F.3d at 525-30.

## III. <u>CONCLUSION</u>

For the reasons set out above, this case is REMANDED to the district court for resentencing.

-4-