NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0524n.06
Filed: August 27, 2008

No. 06-6559

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| FRANK W. BOWMAN, | ) | EASTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

Before: SILER, BATCHELDER, and ROGERS, Circuit Judges.

**ROGERS, Circuit Judge.** Defendant Walter Frank Bowman challenges the sentence imposed by the district court upon the revocation of his term of supervised release. Bowman asserts that the district court erred in calculating his Sentencing Guidelines range by treating certain conduct of his as an aggravated assault, and thus a Grade A Violation of supervised release, even though he had not been charged with that crime. Because, however, the Sentencing Guidelines explicitly allow for the consideration of uncharged conduct in this manner and the district court's factual findings are supported by the record, we affirm.

In August 2004, Bowman pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 21 months of imprisonment and a subsequent three

years of supervised release. As conditions of his supervised release, Bowman was prohibited from committing another federal, state, or local crime; possessing or using a controlled substance illegally; or using alcohol excessively. He was also required to participate in a drug and alcohol treatment program.

Approximately a year after Bowman was released from prison, the United States Probation Office sought to revoke his term of supervised release for violation of the above conditions. Upon discovering that Bowman was being prosecuted in Tennessee state court for the assault of two young women, the Probation Office obtained an initial order requiring Bowman to be placed on home confinement and electronic monitoring. The Probation Office then petitioned for the complete revocation of Bowman's supervised release. In addition to his allegedly having violated state law by committing the above assaults, Bowman was alleged to have violated the terms of his supervised release by using cocaine, drinking excessive amounts of alcohol, and failing to complete the required treatment program.

At a hearing on the petition, several witnesses testified to these alleged violations. First, Brandy Bowman (defendant's biological niece and adopted sister) testified that Bowman assaulted her and her cousin, Jennifer Barker, while the group had been traveling in a vehicle. According to Brandy, then aged 17, Bowman began to rub her leg as she drove. Brandy asked Bowman to stop touching her, but he continued to do so, rubbing up her thigh. She claims that when she pushed Bowman's hand away, he repeatedly struck her in the mouth. According to Brandy, Bowman then

turned and began to hit Jennifer when Jennifer intervened. After the assault, Bowman allegedly threatened to kill the girls if they told anyone what had happened.

This attack left Brandy with serious injuries. Evidence was presented to the district court that Brandy lost six teeth in the assault. According to a detective for the county sheriff's office, Bowman was charged with simple assault and domestic assault, both misdemeanors. The detective also testified that the district attorney intended to add a charge of aggravated assault, a felony, in light of the extent of the injuries that Brandy suffered.

Bowman admitted striking Brandy, but claimed that he did so in self-defense. Bowman testified that he had been teasing Brandy as she spoke with her boyfriend on her cellular phone. Angry, Brandy turned and hit him in the eye with a beer bottle. Bowman claims that he then hit Brandy, but only as "a reflex." As to Jennifer, Bowman stated that he was unsure whether he hit her, but acknowledged that it was possible that he had.

In addition to this testimony concerning the assault, evidence was also offered regarding Bowman's drug and alcohol related infractions. Bowman's probation officer testified that Bowman twice tested positive for cocaine, and on another occasion admitted to using that drug. The probation officer further testified that Bowman failed to report to his drug and alcohol program at times, had once behaved inappropriately during a group treatment meeting by mooning a woman, and admitted to having consumed beer before attending a treatment session.

Bowman likewise disputed much of this testimony. He denied telling his parole officer that he had used cocaine, explaining that the drug in question had actually been methamphetamine. Furthermore, Bowman stated that his positive tests for cocaine could be explained by the fact that he had been having sex with a crack cocaine user and had also been present when this women smoked that drug. Finally, Bowman denied that he had shown up to a treatment session intoxicated, stating that he had only had two pitchers of beer to drink.

Based on the evidence presented, the district court concluded that the revocation of supervised release was warranted. The court found, by a preponderance of the evidence, that Bowman had assaulted and threatened to kill Brandy and Jennifer, thereby committing state law crimes in violation of the conditions of his release. The district court stated that it believed that Brandy had not provoked Bowman, but determined that, even if she had, his response was disproportionate to the threat presented. The district court also concluded by a preponderance that Bowman had violated the terms of his supervised release by using illegal substances, engaging in the excessive use of alcohol, and not completing his drug and alcohol treatment as ordered.

Finding revocation to be appropriate, the district court turned to sentencing Bowman. The district court agreed with the Government that, in light of the extent of Brandy's injuries, Bowman had committed an aggravated assault. That conduct therefore constituted a "crime of violence" and thus a "Grade A Violation" of supervised release under U.S.S.G. § 7B1.1(a). Because of Bowman's criminal history category, this determination produced an advisory sentencing range of 18-24 months of imprisonment. *See* U.S.S.G. § 7B1.4(a). The district court determined that a sentence at the top

of this range was necessary in light of Bowman's long history of violent crime and drug use, and

consequently imposed the statutory maximum sentence of 24 months. *See* 18 U.S.C. § 3583(e)(3).

Bowman then filed this appeal. On appeal, he does not challenge the revocation of his term

of supervised release, but instead challenges only the length of the sentence imposed by the district

court. Specifically, Bowman contends that his assault of Brandy was not a "Grade A Violation."

The district court, however, did not err in so categorizing that violation. Because the record supports

that Bowman's conduct constituted an aggravated assault under Tennessee law, it was an enumerated

"crime of violence" and thus a "Grade A Violation."

Under § 7B1.1(a)(1), "Grade A Violations" include "conduct constituting . . . a federal, state,

or local offense punishable by a term of imprisonment exceeding one year that . . . is a crime of

violence." A "crime of violence" is then defined elsewhere in the Guidelines to include

> murder, manslaughter, kidnapping, *aggravated assault*, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included . . . if . . . that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or . . . by its nature[] presented a serious potential risk of physical injury to another.

§ 4B1.2 cmt. n.1 (emphasis added); *see also* § 7B1.1 cmt. n.2 ("'Crime of violence' is defined in §

4B1.2 . . . .").

Bowman's conduct in striking Brandy clearly satisfies these criteria. Based on the evidence

presented at trial, the district court could conclude by a preponderance of the evidence that Bowman

committed an aggravated assault. Under Tennessee law, an individual commits the felony of aggravated assault when he intentionally, knowingly, or recklessly causes serious bodily injury to another. Tenn. Code Ann. § 39-13-102(a); Tenn. Code Ann. § 39-13-101(a)(1). Brandy testified that an unprovoked Bowman repeatedly struck her in the mouth, and then turned and began beating another individual. Further, it was undisputed at sentencing that Brandy lost six teeth as a result of this incident. Moreover, the district court could certainly credit Brandy's testimony over that offered by Bowman in concluding by a preponderance that the attack was unprovoked. Not only does Bowman have a history of violent crime, but his testimony regarding the other alleged violations of supervised release was far from believable. However, even if the evidence did suggest that Brandy instigated the altercation, it would still be reasonable to conclude that Bowman committed an aggravated assault. Assuming that Brandy did hit Bowman in the eye with a beer bottle, that fact would not justify his decision to hit a 17-year-old girl in the mouth so hard as to cause the loss of six teeth.

Because Bowman's conduct constituted an aggravated assault, it is by definition a "crime of violence." As noted above, the commentary to the Guidelines explicitly states than an aggravated assault constitutes a "crime of violence." Because the definition of aggravated assault set forth in Tenn. Code Ann. § 39-13-102(a) is "'within the ordinary, contemporary, and common meaning of aggravated assault,'" it is such an enumerated "crime of violence." *See United States v. Mendoza-Mendoza*, 239 F. App'x 216, 222 (6th Cir. 2007) (quoting *United States v. Mungia-Portillo*, 484 F.3d 813, 817 (5th Cir. 2007)) (applying the analogous definition of "crime of violence" provided

in § 2L1.2(b)(1) cmt. n.1(B)(iii)); *see also United States v. Stanback*, 166 F. App'x 190, 192 (6th Cir. 2006) (applying the definition of "crime of violence" provided in § 4B1.2); *United States v. Chandler*, 419 F.3d 484, 486-88 (6th Cir. 2005) (same); *United States v. Taylor*, No. 98-4124, 1999 WL 12950, at *2 (4th Cir. Jan. 14, 1999) (same). As a "crime of violence," Bowman's offense was properly treated as a "Grade A Violation."

It was irrelevant to the Guidelines calculation that Bowman had not been charged with aggravated assault at the time of sentencing. Bowman's only developed argument on appeal is that the district court should have determined his violation category using only the offenses with which he had actually been charged at the time of sentencing, and that the district court consequently should not have considered the offense of aggravated assault. Had the district court considered only the charges of simple assault and domestic assault, Bowman argues that the proper Guidelines range would have been 8-14 months of imprisonment, at most.

This argument is wholly without merit. The commentary to § 7B1.1 makes clear that "[a] violation of [the condition that the defendant not commit another federal, state, or local crime] may be charged whether or not the defendant has been the subject of a separate federal, state, or local prosecution for such conduct." § 7B1.1 cmt. n.1. The commentary goes on to clarify that

> [t]he grade of violation does not depend upon the conduct that is the subject of criminal charges or of which the defendant is convicted in a criminal proceeding. Rather, the grade of the violation is to be based on the defendant's *actual conduct.*

*Id.* (emphasis added). Relying on the above language, this and other courts have repeatedly rejected arguments similar to the one that Bowman makes. *E.g., United States v. Lee*, 136 F. App'x 578, 579-80 (4th Cir. 2005) (charged with, but not convicted of, offense); *United States v. Correa-Torres*, 326 F.3d 18, 21 (1st Cir. 2003) (charges for offense dropped); *United States v. Jolibois*, 294 F.3d 1110, 1114 (9th Cir. 2002) (charges for offense dropped); *United States v. McCullough*, No. 97-4388, 1999 WL 137635, at *6 (6th Cir. March 2, 1999); *United States v. Rodgers*, No. 93-3205, 1993 WL 483473, at *2 (6th Cir. Nov. 23, 1993) (uncharged conduct).

Bowman's alternative challenge to his sentence is equally unavailing. In the final sentence of his appellate brief, Bowman states that "even if . . . the District Court did not err in finding a Class A violation, a sentence at the top of the Guideline Range was unreasonable and should be set aside." Because Bowman provides no explanation as to why he believes his within Guidelines sentence was otherwise unreasonable, we decline to address this argument. "[I]t is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Grinter v. Knight*, 532 F.3d 567, 574 n.4 (6th Cir. 2008) (quotations and citation omitted).

For the foregoing reasons, we affirm the sentence imposed by the district court.