NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1228n.06

No. 12-3002

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Nov 28, 2012*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| MIGUEL A. FLORES, | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| Defendant-Appellant. | ) | |

BEFORE: MARTIN and GRIFFIN, Circuit Judges; BECKWITH, District Judge.[*]

PER CURIAM. Miguel A. Flores, who is represented by counsel, appeals a district court order revoking his term of supervised release and sentencing him to thirty-six months of imprisonment.

In 2007, Flores entered a guilty plea to a charge of conspiracy to possess with the intent to distribute cocaine, crack, and marijuana. He was sentenced to twenty-seven months of imprisonment and four years of supervised release.

In 2011, Flores was accused of violating his supervised release due to a new law violation, failure to submit monthly reports, failure to submit to drug testing, and failure to report his address. The original violation report stated that law enforcement officers found over twenty kilograms of cocaine when executing a state search warrant at Flores's home. A superceding report alleged that

---

[*]The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

$381,000.00 and drug packaging materials were found in the search, but did not mention any amount of drugs. At the revocation hearing, Flores admitted violating his supervised release conditions by failing to submit monthly reports, failing to submit to drug testing, and failing to report his address. The government submitted the testimony of a witness who was not personally involved in the search, but who essentially reported the contents of the superceding violation report. The district court found that Flores had violated all four conditions of his supervised release. The court varied upward from the twenty-four to thirty month advisory sentencing guidelines range and sentenced Flores to the maximum thirty-six months of imprisonment.

On appeal, Flores argues that there was insufficient evidence to find that he committed a new controlled substance offense. He also asserts that his sentence is procedurally and substantively unreasonable because no controlled substance offense was established.

We review a sentence imposed upon revocation of supervised release "'under a deferential abuse-of-discretion standard,'" for procedural and substantive reasonableness. *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). In order for supervised release to be revoked, the district court "must find by a preponderance of the evidence that a defendant violated a condition of his supervised release." *United States v. Cofield*, 233 F.3d 405, 406 (6th Cir. 2000). In this case, Flores admitted violating three conditions of his supervised release. Therefore, the district court would not have abused its discretion in relying on these violations alone to revoke Flores's supervised release.

However, Flores argues that the preponderance of the evidence did not establish that he committed a new law violation, the fourth violation found by the district court. He cites *United States v. Lloyd*, 566 F.3d 341, 345 (3d Cir. 2009), in which hearsay evidence was rejected where it

was not corroborated by any physical evidence, testimony, or admission by the defendant. However, we have held that reliable hearsay evidence may be used in supervised release revocation hearings, *see United States v. Stephenson*, 928 F.2d 728, 732 (6th Cir. 1994), and does not violate the Confrontation Clause. *United States v. Kirby*, 418 F.3d 621, 627–28 (6th Cir. 2005). Detailed hearsay evidence, given under oath, has been found reliable. *Lloyd*, 566 F.3d at 345. The hearsay evidence presented in this case established that $381,000.00 and drug packaging materials were found in a search of the residence where the children of Flores were residing and with which the telephone number he was using was associated. The district court did not abuse its discretion in concluding that this large amount of money was the probable result of drug trafficking activity. Further, the drug packaging materials provide further support that Flores was engaged in the drug trade. The fact that no drugs were found at the residence is irrelevant. *See United States v. Solorio*, 337 F.3d 580, 588 (6th Cir. 2003). The large amount of money and drug packing materials establish a new law violation.

Flores also argues that the sentence imposed was procedurally and substantively unreasonable. We review the sentence imposed upon revocation of supervised release for an abuse of discretion. *United States v. Johnson*, 640 F.3d 195, 201 (6th Cir. 2011). Flores contends that the sentence is procedurally unreasonable because the advisory sentencing guidelines range was incorrectly based on a new law violation that was not established by a preponderance of the evidence. The guidelines range for the violations admitted by Flores would have been six to twelve months. However, because the new law violation was adequately established, no procedural unreasonableness is apparent. The above-guidelines sentence is substantively reasonable because the district court explained that the sentence was based on the factors of respect for the law,

deterrence, and incapacitation. The court sufficiently justified its six-month upward variance by observing the seriousness of Flores's new law violation. *Id*. at 205 (if a district court imposes a sentence for a supervised-release violation that is outside the guidelines range, it must explain the specific reason for the departure or variance).

The district court's order is affirmed.