NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0557n.06

No. 12-1882

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 07, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE |
| JAMES MICHAEL COLE, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| Defendant-Appellant. | ) | DISTRICT OF MICHIGAN |
| | ) | |

BEFORE:  MARTIN and COOK, Circuit Judges; GRAHAM, District Judge.*

GRAHAM, District Judge.  James Michael Cole appeals a district court judgment sentencing him to twenty-four months of imprisonment following the revocation of his supervised release.  For the reasons set forth below, we vacate Cole's sentence and remand for resentencing.

Cole pleaded guilty to bank robbery in violation of 18 U.S.C. § 2113(a) and received a sentence of seventy-eight months of imprisonment and three years of supervised release.  Shortly after his supervision began on April 4, 2012, Cole entered his parents' house, stole two of his father's credit cards along with approximately $100 in cash, and used the credit cards to obtain money to buy cocaine.  Cole's probation officer subsequently petitioned the district court for an

---

*The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

arrest warrant and recommended that Cole's supervision be revoked. In an amended petition, the probation officer alleged that Cole violated the conditions of his supervised release by committing the following crimes: larceny from a building in violation of Michigan Compiled Laws § 750.360 (violation 1); stealing and using financial transaction devices in violation of Michigan Compiled Laws § 750.157n (violation 2); possessing another's financial transaction devices with the intent to use the devices without the consent of the deviceholder in violation of Michigan Compiled Laws § 750.157p (violation 3); and possessing and using cocaine in violation of Michigan Compiled Laws § 333.7403 (violations 4-6). Cole pleaded guilty to the first four violations and the government dismissed the remaining two violations.

Violations two through four were classified as Grade B violations. A Grade B violation is conduct other than a Grade A violation constituting any federal, state, or local offense punishable by a term of imprisonment exceeding one year. United States Sentencing Guidelines ("U.S.S.G") § 7B1.1(a)(2). A Grade A supervised release violation includes "conduct constituting . . . a federal, state, or local offense punishable by a term of imprisonment exceeding one year that . . . is a crime of violence." U.S.S.G. § 7B1.1(a)(1)(A)(i). The issue before the district court was whether the conviction for larceny from a building was a "crime of violence." If the larceny from a building conviction was a crime of violence, then Cole's violation conduct as a whole would be considered a Grade A violation. *See* U.S.S.G. § 7B1.1(b) (in cases involving more than one violation, "the grade of the violation is determined by the violation having the most serious grade").

Defense counsel argued that Cole's violations were all Grade B violations, which, together with Cole's criminal history category of IV, would result in an advisory sentencing guidelines range

of twelve to eighteen months of imprisonment. *See* U.S.S.G. §§ 7B1.1(a)(2) and 7B1.4(a). The district judge determined that larceny from a building constituted a crime of violence, which established a Grade A violation advisory sentencing guidelines range of twenty-four to thirty months of imprisonment. *See* U.S.S.G. §§ 7B1.1(a)(1)(A)(i) and 7B1.4(a)(1). After considering the relevant sentencing factors under 18 U.S.C. § 3553(a), the district court revoked Cole's supervised release and sentenced him to twenty-four months of imprisonment followed by twelve months of supervised release.

On appeal, Cole first contends that the district judge erred in finding that his conviction for larceny from a building constituted a crime of violence and a Grade A violation. A "crime of violence" includes, by definition, "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . is burglary of a dwelling . . . or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." U.S.S.G. § 4B1.2(a)(2) (emphasis added). To satisfy the italicized "otherwise" clause, the offense must be "'roughly similar, in kind as well as in degree of risk posed,' to the enumerated offenses." *United States v. Taylor*, 696 F.3d 628, 631 (6th Cir. 2012) (quoting *Begay v. United States*, 553 U.S. 137, 142–43 (2008)).

Michigan law defines larceny from a building as "stealing in any dwelling house, house trailer, office, store, gasoline service station, shop, warehouse, mill, factory, hotel, school, barn, granary, ship, boat, vessel, church, house of worship, locker room or any building used by the public." Mich. Comp. Laws § 750.360. The elements of larceny from a building under Michigan law are: "(1) an actual or constructive taking of goods or property, (2) a carrying away or

asportation, (3) the carrying away must be with a felonious intent, (4) the subject matter must be the goods or the personal property of another, (5) the taking must be without the consent and against the will of the owner[, and] . . . (6) the taking must be done within the confines of the building." *People v. Wilbourne*, 205 N.W.2d 250, 251–52 (Mich. Ct. App. 1973). Larceny from a building, like burglary, may involve a serious potential risk of physical injury arising "from the possibility of a face-to-face confrontation between the [offender] and a third party – whether an occupant, a police officer, or a bystander – who comes to investigate." *James v. United States*, 550 U.S. 192, 203 (2007).

In determining whether the offense of larceny from a building constituted a crime of violence for purposes of Cole's supervised release revocation proceeding, the district judge was not confined to the statutory definition of larceny from a building. "Rather, the grade of the violation is to be based on the defendant's *actual conduct*." U.S.S.G. § 7B1.1 cmt. n.1 (emphasis added); *United States v. Bowman*, 290 F. App'x 863, 866 (6th Cir. 2008). In this case, the district judge was required to determine whether Cole's actual conduct presented a serious potential risk of physical injury to another. It is not clear whether the district judge was aware of or applied this standard, as the commentary note was not cited by the court or the parties during the revocation hearing.

At the hearing, defense counsel stated that Cole had a key to his parents' house and permission to reside there. Cole answered questions under oath, stating that he was "living at home paying rent." Cole further stated:

> I watched my father go to bed as I'm pulling in the driveway, so I figured they'd be up there. So I walked in the door, I looked figuring my mother would be sitting there asking me what the – what I was doing, and it wasn't the case, so I sat down at our

> – I mean, one of those little islands in the kitchen. I just turned on the lights and sat there and looked up and there's the old man's money clip[.]"

Cole then removed cash and credit cards from the clip and left the house. Cole used the credit cards to obtain additional cash, then purchased cocaine with the goal of using enough cocaine to commit suicide. Cole's mother discovered the theft the next morning upon arising at approximately 6:30 a.m. The government presented no testimony or evidence to contradict Cole's version of the events underlying the offense.

Cole had his parents' permission to stay in the house. He had a key and did not break into the house. Cole stated that he was paying rent, and it appears that the house was his residence. He committed the theft in an illuminated kitchen. Even if his parents had come downstairs to investigate, nothing in the record suggests that they would have been surprised to see him there. In fact, Cole stated that he expected to find his mother waiting up for him. There is no evidence that Cole or his parents had a weapon of any kind. The record also suggests that Cole's physical condition made any other type of physical confrontation unlikely. Cole stated that he was receiving social security disability benefits due to severe head trauma and a crippling shoulder injury sustained in 1998. Cole further informed the court that on March 7, 2012, a little over a month before the larceny offense, he had hernia surgery which resulted in complications necessitating a blood transfusion and a four-day hospital stay. This scenario does not suggest a serious potential risk of physical injury arising from the possibility of a face-to-face confrontation between Cole and his parents or any other person. The information in the record fails to support the district court's finding

that the offense of larceny from a building committed by Cole was a "crime of violence" and a Grade A violation.

For the same reasons, we agree with Cole's argument that his sentence was procedurally unreasonable. In considering whether to revoke supervised release, the district court must consider several of the sentencing factors included in 18 U.S.C. § 3553(a), including the applicable advisory sentencing guidelines range. *See* 18 U.S.C. §§ 3553(a)(4) and 3583(e)(3). One aspect of procedural unreasonableness is the improper calculation of the advisory guidelines sentencing range. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The district court erroneously concluded that Cole's larceny from a building conviction was a crime of violence and a Grade A violation rather than a Grade B violation. As a result, the court considered the wrong advisory sentencing guideline range in determining Cole's sentence. This was an abuse of discretion. Because the case must be remanded to the district court for resentencing due to procedural unreasonableness, we do not reach Cole's argument that the district court's sentence was substantively unreasonable.

For the foregoing reasons, we vacate Cole's sentence and remand for resentencing consistent with this opinion. We grant the government's motion to take judicial notice of the probation violation worksheet, which shall be sealed.