NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0006n.06

Case No. 23-3987

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Jan 10, 2025

KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
|  | ) | |
|  | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
|  | ) | COURT FOR THE NORTHERN |
| ABDUL KILGORE, | ) | DISTRICT OF OHIO |
| Defendant-Appellant. | ) | |
|  | ) | OPINION |

Before: **BATCHELDER, STRANCH, READLER, Circuit Judges.**

**ALICE M. BATCHELDER, Circuit Judge.** Abdul Kilgore challenges the district court's sentence imposed upon the revocation of his term of supervised release. Kilgore argues that the evidence is not sufficient to support a finding that he violated three terms of his supervised release, and that his new within-Guidelines sentence is both procedurally and substantively unreasonable. We disagree and affirm.

**I.**

In 2012, Kilgore was convicted of trafficking cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). He received an 84-month prison sentence to run concurrently with his state sentences, followed by eight years of supervised release. Conditions of his supervised release included prohibitions on committing federal, state, or local crimes, possessing a controlled substance, and possessing a firearm. He was also required to participate in substance-abuse

treatment and remain in the judicial district that monitored his supervised release.[1]  Kilgore served his prison term and began supervised release on November 3, 2022, in the Southern District of Ohio.

Less than a year after Kilgore was released from prison, the United States Probation Office sought to revoke his term of supervised release for violations of the above conditions.  Kilgore's first violation came almost immediately after his release when he tested positive for marijuana on November 8, 2022.  Kilgore again tested positive for marijuana in February 2023 and May 2023.  Because of previous drug use, a special condition of Kilgore's supervised release was to attend substance abuse treatments; however, he failed to attend the treatments arranged by his probation officer.

Under the terms of Kilgore's supervised release, he was to inform his probation officer of any changes in address or employment and receive permission ten days before making any such changes.  However, during the first year of Kilgore's supervised release, his probation officer determined, after receiving multiple law enforcement notifications from the Mansfield and Ontario Police Departments regarding Kilgore's activity, that Kilgore was residing in Mansfield, Ohio, a city that lies in the Northern District of Ohio.  After failing to answer numerous phone calls from his probation officer, Kilgore told the officer that he was in Mansfield due to a family emergency and had begun working there.

At the supervised-release-violation hearing, Kilgore admitted to using marijuana in violation of his supervised-release agreement.  However, Kilgore stated that he received a drug assessment and was attending substance-abuse treatment elsewhere in Mansfield but failed to inform his Southern District probation officer of this.  It is unclear if Kilgore had a supervising

---

[1] The other conditions of his release are not relevant for our purposes.

officer in the Northern District whom he informed of this assessment and treatment. The district court found that Kilgore neither attended the substance abuse treatment program facilitated by his supervising officer, nor obtained treatment elsewhere with his supervising officer's approval. Further, the district court found that Kilgore had not informed his probation officer of his change of residence or employment before traveling back and forth to Mansfield.

In addition, the district court found Kilgore committed sexual assault during his supervised release, increasing his prison sentence to a Grade A violation with an applicable statutory maximum sentence of an additional 60-months imprisonment. While the sexual assault was not charged conduct, the district court determined that Kilgore committed the sexual assault based on the victim's video statement and injuries.

At the supervised-release-violation hearing, the judge reviewed the victim's video statements, images of the victim's injuries, and Kilgore's previous instances of violent assaults on women. In the victim's video statement, she stated that Kilgore walked into her home uninvited and began to fight with her, pushing her against the wall and holding a steak knife to her throat. After this encounter, Kilgore followed the victim into her bedroom where he held her down and raped her despite her repeated pleas to stop. The victim stated that Kilgore's attack left her with bruising on her upper thighs and marks on her neck; this account is corroborated by the photographic evidence. She ultimately did not press charges out of fear that Kilgore would retaliate against her. Kilgore contends that the victim fabricated this story out of anger or jealousy because she knew he was married.

In addition, the United States offered evidence of a recorded jail phone call Kilgore made to his wife in which he counseled her to remove a firearm from their residence, and that she complied with his request.

3

The district court found by a preponderance of the evidence that Kilgore had relocated without informing his probation officer, failed to attend substance abuse treatment, and sexually assaulted the victim. The district court therefore revoked supervised release and imposed a 60-month prison sentence and three years of supervised release because Kilgore's sexual assault was a Grade A violation of supervised release under U.S.S.G § 7B1.1(a). On appeal, Kilgore argues that he did not violate the terms of his supervised release and that there was insufficient evidence to find that he committed the sexual assault.

## II.

We review under a deferential abuse-of-discretion standard sentences imposed for violations of supervised release. *United States v. Bolds*, 511 F.3d 568, 575 (6th Cir. 2007). We review factual findings for clear error and legal conclusions de novo. *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018). The government must prove a supervised release violation by a preponderance of the evidence. *United States v. Flores*, 506 F. App'x 468, 469 (6th Cir. 2012).

Kilgore admitted to drug use, and this alone would be sufficient to revoke his supervised release. However, he argues that the preponderance of the evidence does not establish that he committed the three other violations, including the sexual assault.

The district court properly determined that Kilgore moved to a different residence without informing or obtaining permission from his probation officer. Kilgore admitted to his probation officer, while under supervision in the Southern District of Ohio, that he was staying in Mansfield without permission so he could attend to a family emergency. While he did not miss an official meeting with his probation officer, he repeatedly traveled in and out of the Southern District of Ohio without informing his probation officer. Even if Kilgore had not fully changed his residence to the Northern District, he traveled between the Northern and Southern Districts without

informing his probation officer or obtaining permission even after being warned of the serious nature of the violation.

The district court did not err in finding that Kilgore violated the conditions of his supervised release by failing to attend an approved substance abuse treatment. Kilgore's probation officer referred him to the Columbus public health department for substance-abuse treatment and directed him to report on two occasions, but he did not report either time. Kilgore argues that he attended treatment elsewhere. However, even if he did, he failed to report this to his probation officer.

Kilgore next argues that the government did not establish by a preponderance of the evidence that he committed the sexual assault because the victim did not pursue further charges and the victim's statements were not subject to cross examination. These arguments are without merit. First, it is irrelevant to the Guidelines calculation that at the time of sentencing Kilgore had not been charged with sexual assault or that the victim did not pursue charges. *United States v. Bowman*, 290 F. App'x 863, 866 (6th Cir. 2008). Second, in a revocation proceeding, the district court may consider all relevant evidence, including hearsay not subject to cross examination. *United States v. Stephenson*, 928 F.2d 728, 732 (6th Cir.1991). In the context of a revocation hearing, consideration of such evidence does not violate the Confrontation Clause. *See United States v. Kirby*, 418 F.3d 621, 627–28 (6th Cir. 2005).

The district court did not err in finding that Kilgore committed the sexual assault in violation of his supervised release mandate not to commit criminal acts in violation of federal, state, or local law. There is sufficient evidence in the victim's video testimony, corroborated by the images of the victim's bruises on her upper thighs and neck, to show that an assault of the type described occurred. The district court determined the victim's recorded statement to the police to be credible as she expressed sincere emotion. The district court's determination that this sexual

assault occurred was further informed by Kilgore's record of previous violent offenses against women.

**III.**

A sentence imposed for a supervised release violation must be both procedurally and substantively reasonable. *United States v. Gardner*, 32 F.4th 504, 529 (6th Cir. 2022). Where, as here, a defendant fails to object to a procedural defect at sentencing, we review for plain error. *United States v. Wallace*, 597 F.3d 794, 802 (6th Cir. 2010).

Procedural-reasonableness review requires consideration of the factors and procedures used by the district court to reach a chosen sentence, including whether that court correctly calculated the applicable Guidelines range, *Bolds*, 511 F.3d at 579, while substantive reasonableness considers whether the length of the sentence is reasonable given the "totality of the circumstances," United *States v. Wandahsega*, 924 F.3d 868, 886 (6th Cir. 2019). Generally, we afford sentences within the statutory guidelines a presumption of reasonableness, but do not presume a sentence outside the Guidelines to be unreasonable. *Gall v. United States*, 552 U.S. 38, 51 (2007). Further, when a district court properly considers and weighs all pertinent factors, "a defendant clearly bears a much greater burden in arguing that the court has given an unreasonable amount of weight to any particular one." *United States v. Thomas*, 437 F. App'x 456, 458 (6th Cir. 2011). We will not reverse the district court just because we conclude that a different sentence would have been appropriate. *Gall*, 552 U.S. at 51.

Kilgore maintains that the district court imposed a procedurally unreasonable sentence because the evidence was insufficient to support the charge of sexual assault, a Grade A violation with an applicable statutory maximum sentence of 60 months. A sentence based on a new law violation is procedurally reasonable if the new law violation is adequately established. *See Flores*,

506 F. App'x at 470. Here, the new law violation was adequately established by the reasonably reliable evidence of the victim's recorded statements to the police after the assault, the photographs of the victim's injury, and the court's finding of the victim's credibility. Because the district court did not err in finding that the new law violation was established by a preponderance of the evidence, there is no procedural error.

Likewise, the district court did not substantively err by imposing a within-Guidelines 60-month sentence. Kilgore argues that this sentence length was based upon only the new law violation, and that the court placed too much weight on his previous violent convictions. A sentence is substantively unreasonable "if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Kirchhof*, 505 F.3d 409, 413 (6th Cir. 2017). This does not preclude a district court from giving some factors more weight than others, as not all factors "are important in every sentencing; often one or two prevail, while others pale." *United States v. Bridgewater*, 479 F.3d 439, 442 (6th Cir. 2007). The district court properly considered the pertinent § 3553(a) factors and determined that Kilgore's "pattern of violence towards women" and his history and characteristics of drug use and lack of supervision justify a 60-month prison sentence for supervised release violations. The district court's not weighing the § 3553(a) factors the way Kilgore hoped does not make the sentence substantively unreasonable. *See United States v. Robinson*, 892 F.3d 209, 216 (6th Cir. 2018).

**IV.**

For the foregoing reasons, we affirm the judgment of the district court.