**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

No. 10-4724

───────────

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

FRANCISCO ANDRE THOMAS,

          Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of South Carolina, at Charleston. Patrick Michael Duffy, Senior District Judge. (2:99-cr-00460-PMD-4)

───────────

Submitted: March 28, 2011        Decided: April 22, 2011

───────────

Before KING, AGEE, and KEENAN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Mary Gordon Baker, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant. Matthew J. Modica, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Francisco Andre Thomas appeals the district court's judgment revoking his supervised release and sentencing him to thirty months of imprisonment. Thomas' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court abused its discretion in classifying new criminal conduct as a Grade A violation and whether Thomas' sentence was unreasonable. Although advised of his right to file a supplemental pro se brief, Thomas has not done so.

In January 2010, Thomas' probation officer filed a petition alleging two violations of supervised release: (1) failure to refrain from use of controlled substances, based on three positive tests for marijuana (a Grade C violation), and (2) a state conviction for conspiracy to possess cocaine. At the revocation hearing, Thomas argued that although he had been charged in the state court with trafficking cocaine, he pled guilty to drug conspiracy to possess cocaine and therefore, the conviction should count as a Grade B — and not a Grade A — violation. The district court disagreed, concluding that the state conviction should be counted as a Grade A violation, based on the totality of the circumstances surrounding Thomas' arrest. With a criminal history category of I, the advisory guidelines

2

range was twenty-four to thirty-four months; the court imposed a thirty-month term of imprisonment. Thomas noted a timely appeal.

We review a district court's judgment revoking supervised release and imposing a term of imprisonment for abuse of discretion. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999). To revoke supervised release, a district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2006). This burden "simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks omitted). Appellate courts review the district court's factual findings for clear error. United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003); United States v. Whalen, 82 F.3d 528, 532 (1st Cir. 1996). There is clear error if the court, after reviewing the record, is left with "a definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985) (internal quotation marks and citation omitted). It is not enough for the court to conclude it would have decided the case differently. Id.

Thomas claims first that the district court committed clear error in concluding that his new criminal conduct was a

3

Grade A violation.  A Grade A violation results from "conduct constituting a federal, state, or local offense punishable by a term of imprisonment exceeding one year that . . . is a controlled substance offense."  USSG § 7B1.1(a)(1).  A "controlled substance offense" for purposes of § 7B1.1(a)(1) includes state or federal crimes prohibiting the distribution of a controlled substance, as well as the possession of a controlled substance with the intent to distribute, that are punishable by more than a year in prison.  USSG §§ 4B1.2(b), 7B1.1 cmt. (n.3).  Any other offense punishable by more than a year in prison is a Grade B violation.  USSG § 7B.1(a)(2).  The commentary to USSG § 7B1.1, p.s., emphasizes that the "grade of violation does not depend on the conduct that is the subject of criminal charges of which the defendant is convicted in a criminal proceeding.  Rather, the grade of violation is to be based on the defendant's actual conduct."  USSG § 7B1.1, p.s., cmt. (n.1); see United States v. Jolibois, 294 F.3d 1110, 1114 (9th Cir. 2002) (violation of terms of supervised release is determined based on defendant's conduct and may be found whether defendant was ever convicted of any particular offense).  We find no error in the district court's conclusion that Thomas' conduct warranted an inference that he intended to distribute the drugs at issue in his state court proceedings; accordingly,

4

the district court did not clearly err in concluding that his conviction constituted a Grade A violation.

Next, counsel questions the reasonableness of Thomas' sentence. A sentence imposed after revocation of supervised release should be affirmed if it is within the applicable statutory maximum and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In making this determination, this court first considers whether the sentence imposed is procedurally or substantively unreasonable. Id. at 438. "This initial inquiry takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted).

A sentence imposed upon revocation of release is procedurally reasonable if the district court considered the Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) (2006) factors, see 18 U.S.C. § 3583(e); Crudup, 461 F.3d at 438-40, and adequately explained the sentence imposed, United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). A sentence imposed upon revocation of release is substantively reasonable if the district court stated a proper basis for concluding that the defendant should receive the sentence imposed, within the statutory maximum. Crudup, 461 F.3d at 440.

5

This court will affirm if the sentence is not unreasonable. Id. at 439. Only if a sentence is found procedurally or substantively unreasonable will the court "decide whether the sentence is plainly unreasonable." Id. "[T]he court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." Id. (internal quotation marks omitted).

Here, we have reviewed the record and conclude that the district court did not impose an unreasonable sentence, let alone one that is plainly so. Thomas received a sentence within the Guidelines range for his offense, and the court offered an adequate explanation to preserve the sentence upon appellate review. The district court initially considered an upward departure based on Thomas' repeated violations of the conditions of his supervised release; however, the court ultimately decided to impose a sentence within the guidelines range because Thomas had an eighteen-month state sentence to serve in addition to his federal sentence. Accordingly, we find the sentence both procedurally and substantively reasonable.

Therefore, we affirm Thomas' sentence. In accordance with Anders, we have reviewed the entire record for meritorious issues and have found none. We therefore affirm. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for

6

further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED