132 F.3d 41
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeffrey JOLIBOIS, Defendant-Appellant.
 No. 96-30351.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Dec. 18, 1997.
 
 Appeal from the United States District Court for the Western District of Washington Robert J. Bryan, District Judge, Presiding
 Before SNEED, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jeffrey Jolibois appeals his conviction and 32-month sentence imposed following his guilty plea to conspiracy (18 U.S.C. § 371) and attempt to violate the Lacey Act (16 U.S.C. §§ 3372(a)(5), 3373(d)(1)(B), and 18 U.S.C. § 2) based on the illegal harvest and sale of geoduck clams. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Jolibois contends that his plea agreement with the state of Washington and the state's grant of transactional immunity prohibited the federal court's use, for sentencing purposes, of illegal conduct prior to the grant of immunity. This contention lacks merit.
 
 
 4
 We review for clear error the district court's finding that the government's evidence was untainted by a grant of immunity. See United States v. Montoya, 45 F.3d 1286, 1291 (9th Cir.1995). "A state witness may not be compelled to give testimony which may be incriminating under federal law unless the compelled testimony and its fruits cannot be used in any manner by federal officials in connection with a criminal prosecution against him." United States v. Camp, 72 F.3d 759, 761 (9th Cir.1995), cert. denied, 116 S.Ct. 1557 (1996) (quoting Murphy v. Waterfront Comm'n, 378 U.S. 52, 79 (1964)). Once a defendant has testified under a state grant of immunity, the government has the burden of showing that any evidence to be used against the defendant is from a legitimate source independent of the immunized testimony. See Murphy, 378 U.S. at 79 n. 18; United States v. Anderson, 79 F.3d 1522, 1526 (9th Cir.1996).
 
 
 5
 At Jolibois' federal sentencing hearing, an investigator for the Washington Department of Fish and Wildlife[1] testified that the government began the investigation of the federal violations as a result of information obtained from a cooperating witness and that no information disclosed during the special inquiry proceeding was used in the federal investigation. Further, in his immunized testimony, Jolibois did not identify the other participants in the federal conspiracy. Thus, the district court did not clearly err by finding that the government did not use Jolibois' immunized testimony to assist in the federal prosecution. See Montoya, 45 F.3d at 1291.
 
 
 6
 Further, the Washington investigator testified at the evidentiary hearing that Jolibois' April 1993 arrest for geoduck poaching in violation of Washington law did not involve interstate activity and thus was unrelated to the federal investigation. Pursuant to his state plea agreement, the State agreed to file no further charges or sentence enhancements as to other violations relating to illegal geoduck harvesting in February 1993 to April 1993. The district court correctly found that the language in Jolibois' state plea agreement did not cover federal prosecution. The district court did not clearly err by finding that no information provided by Jolibois in state debriefings following his arrest were used to assist the federal prosecution. See id.
 
 
 7
 Jolibois also contends that the Double Jeopardy Clause bars the use of his prior Washington conviction for geoduck poaching at federal sentencing. This contention lacks merit because Jolibois waived his double jeopardy claim by pleading guilty. See United States v. Broce, 488 U.S. 563, 569 (1989) (stating that a voluntary and counseled guilty plea generally bars a double jeopardy claim). Jolibois has not shown how the district court could have concluded from the record before it that the government lacked the power to constitutionally prosecute the charges to which he pled guilty. See id. at 577-75 (stating that general rule that guilty plea waives a double jeopardy claim does not apply where charge judged on its face is one which the state may not constitutionally prosecute).
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 It is not disputed that the federal charges were the result of a joint investigation between Washington and federal investigators and that the Washington investigator who testified at the sentencing hearing was also involved in the state proceedings. However, there is no per se rule requiring the withdrawal of a prosecutor or other government official who may have been exposed to the immunized testimony. See Montoya, 45 F.3d at 1292