**UNITED STATES of America, Plaintiff—Appellee,**

v.

**George R. GURS, Defendant— Appellant.**

No. 01–30408.

**D.C. No. CR–91–00331–1–MRH.**

United States Court of Appeals, Ninth Circuit.

Submitted June 28, 2002.*

Decided Oct. 7, 2002.

---

* This panel unanimously finds this case suit-

Before SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

### MEMORANDUM**

George R. Gurs appeals from the district court's finding that he violated his supervised release conditions and from its modification of those conditions. We affirm.

The district court did not clearly err in finding that Gurs changed employment without notifying his probation officer within 72 hours. Gurs ended his work for Jack Hessel in early August 2001 but did not notify his probation officer of any change until the end of the month. *See United States v. Jolibois,* 294 F.3d 1110, 1114 (9th Cir.2002) (violation of supervised release determined by defendant's conduct); 18 U.S.C. § 3583(e)(3) (preponderance of evidence sufficient to find violation).

The modification of the conditions of supervised release, requiring that Gurs obtain prior approval of any further self-employment, including consulting, is reviewed for plain error because Gurs made no objection to the modification at the hearing. *See United States v. Jordan,* 256 F.3d 922, 926 (9th Cir.2001) (failure to object at sentencing results in plain error review). The district court has discretion whether to impose a condition on supervised release. *See United States v. Johnson,* 998 F.2d 696, 697 (9th Cir.1993).

An occupational restriction is allowed if the defendant's employment had a reasonably direct relationship to the offense of conviction, and if the imposition of such a restriction is reasonably necessary to protect the public. U.S.S.G. § 5F1.5(a). Gurs' underlying conviction was for multiple counts of fraud and money laundering in connection with his own business. Requiring that he seek advance approval for future self-employment and consulting is not an abuse of the district court's discretion, and there was no plain error.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.