**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Scott Young LANGFORD,
Defendant–Appellant.**

No. 02–1504.

United States Court of Appeals,
Sixth Circuit.

Dec. 12, 2002.

Before BATCHELDER and MOORE, Circuit Judges; and COLLIER, District Judge.*

* The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

### ORDER

Scott Young Langford appeals a district court judgment that revoked his supervised release and imposed an additional term of imprisonment. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

In 1999, Langford pleaded guilty to possessing cocaine base for intended distribution. *See* 21 U.S.C. § 841(a)(1). He was ultimately sentenced to a reduced term of thirty-seven months of imprisonment and five years of supervised release. *See* Fed. R.Crim.P. 35(b).

Langford was released from prison and a hearing was subsequently held on charges that he had violated the terms of his supervised release. He pleaded guilty to several violations, including drunk driving, leaving the district without permission, submitting a false report, failing to notify of a police contact, using alcohol, and failing to pay the financial penalties for his offense. Thus, the district court revoked his supervised release on April 12, 2002. The court then sentenced him to a term of eighteen months of imprisonment and three years of supervised release.

It is from this judgment that Langford now appeals. His attorney has filed a motion to withdraw with a brief indicating that there are no colorable issues to appeal. *See Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

We review the district court's decision regarding the revocation of supervised release for an abuse of discretion. *See United States v. Washington*, 147 F.3d 490, 491 (6th Cir.1998). The court must consider the policy statements in Chapter 7 of the sentencing guidelines; however, those policy statements are not binding. *United*

*States v. Jackson*, 70 F.3d 874, 878 & n. 3 (6th Cir.1995). Thus, the district court's judgment must be affirmed if it considered the applicable policy statements and imposed a sentence that was statutorily authorized and not plainly unreasonable. *Id.*

The record indicates that the revocation of Langford's supervised release was valid and that the district court substantially complied with Fed.R.Crim.P. 32.1. Langford had waived his right to a preliminary hearing, and the revocation hearing was held within a reasonable time. He was represented by counsel and advised of the charges against him and of his right to an adversarial proceeding. Nevertheless, Langford pleaded guilty to six of the charged violations. Under these circumstances, we conclude that the district court acted within its discretion by revoking his supervised release. *United States v. Lowenstein*, 108 F.3d 80, 85–86 (6th Cir.1997).

Langford did not raise any significant legal arguments at his combined revocation and sentencing hearing. Thus, he has forfeited any sentencing claims that he might have in the absence of plain error that affects his substantial rights. *See United States v. Barajas–Nunez*, 91 F.3d 826, 830 (6th Cir.1996). No such error is apparent here.

There is no indication that the district court failed to consider the policy statements in the sentencing guidelines. Indeed, the eighteen-month sentence that Langford received fell at the high end of the range that was recommended by USSG § 7B1.4(a). This sentence was authorized by 18 U.S.C. § 3583(e)(3), and the court indicated that it was necessary because Langford would not stop drinking, driving without a license, or working as an informant, even though it was not beneficial for him to do so. The court's judgment was not plainly unreasonable in light of these specific findings. *See Washing-*

*ton,* 147 F.3d at 491–92; *Jackson,* 70 F.3d at 879–80.

Counsel suggests that Langford may wish to argue that his sentence was excessive because the state had dismissed charges that involved the same conduct as the violation of his supervised release. This argument is unavailing because a state conviction was not necessary to support the district court's finding that he had violated the terms of his supervised release. *See* USSG § 7B1.1, p.s., comment. (n.1) (2001). Thus, Langford's sentence was amply supported by his admission that he had, in fact, committed a state crime. *See United States v. Jolibois,* 294 F.3d 1110, 1113 (9th Cir.2002). He also admitted to violating several other conditions of his supervised release.

Finally, counsel argues that Langford may wish to argue that he was denied the effective assistance of counsel during the revocation proceedings. However, the present record does not indicate that trial counsel's performance was deficient in a constitutional sense. Therefore, any ineffective assistance claim that Langford might have would properly be raised in a motion to vacate his sentence under 28 U.S.C. § 2255, rather than on direct appeal. *See United States v. Allison,* 59 F.3d 43, 47 (6th Cir.1995).

Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.