**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4240**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

JAMES ANTONIO STRICKLAND, a/k/a Stricknine,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (5:97-cr-00135-F-1)

Submitted:  December 16, 2010   Decided:  December 27, 2010

Before GREGORY, DUNCAN, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. George E.B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Strickland appeals from the sixty-month sentence imposed pursuant to the revocation of his supervised release. Strickland contends the sentence was plainly unreasonable because the court erred in determining he had committed a Grade A violation and in considering a prior reduction to his original sentence based on the retroactive amendment to the crack cocaine sentencing guideline. We affirm.

A sentence imposed after revocation of supervised release should be affirmed if it is within the applicable statutory maximum and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In making this determination, we first consider whether the sentence is unreasonable. Id. at 438. "This initial inquiry takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guideline sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). In making our review, we "follow generally the procedural and substantive considerations that [are] employ[ed] in [the] review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." Crudup, 461 F.3d at 438-39.

A sentence imposed upon revocation of release is procedurally reasonable if the district court considered the Chapter Seven policy statements and the 18 U.S.C. § 3553(a) (2006) factors that it is permitted to consider. See 18 U.S.C. § 3583(e) (2006); Crudup, 461 F.3d at 438-40. A sentence imposed upon revocation of release is substantively reasonable if the district court stated a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. We will affirm if the sentence is not unreasonable. Id. at 439. Only if a sentence is found procedurally or substantively unreasonable will we "decide whether the sentence is *plainly* unreasonable." Id.

Strickland argues that the district court erred in concluding that his most serious new law violation was a Grade A violation rather than a Grade B violation. A Grade A violation results from "conduct constituting a federal, state, or local offense punishable by a term of imprisonment exceeding one year that . . . is a controlled substance offense." USSG § 7B1.1(a)(1), p.s.. A controlled substance offense for purposes of § 7B1.1(a)(1), p.s., includes state or federal crimes prohibiting the distribution of a controlled substance, as well as the possession of a controlled substance with the intent to distribute, and that are punishable by more than a

3

year in prison. USSG §§ 4B1.2(b), 7B1.1, p.s., comment. (n.3). Any other offense punishable by more than a year in prison is a Grade B violation. USSG § 7B1.1(a)(2), p.s.. The commentary to USSG § 7B1.1, p.s. emphasizes that the "grade of violation does not depend on the conduct that is the subject of criminal charges of which the defendant is convicted in a criminal proceeding. Rather, the grade of violation is to be based on the defendant's actual conduct." USSG § 7B1.1, p.s., comment. (n.1); see United States v. Jolibois, 294 F.3d 1110, 1114 (9th Cir. 2002) (violation of terms of supervised release is determined based on defendant's conduct and may be found whether defendant was ever convicted of any particular offense). Further, although a conviction requires proof beyond a reasonable doubt, a violation of supervised release need only be proved by a preponderance of the evidence. See 18 U.S.C. § 3583(e)(3).

Strickland contends that his supervised release violation was a Grade B violation because the drugs he admitted to possessing were for his personal use and not intended for distribution. We conclude that Strickland failed to demonstrate that the court erred in finding by a preponderance of the evidence that the drugs were intended for distribution and not personal use. The court did not err in determining that Strickland's conduct constituted a Grade A violation nor abuse

4

its discretion in considering its prior reduction of his sentence, and Strickland has not shown that the sixty-month sentence was plainly unreasonable.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED