**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4263**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

CHRISTOPHER UMBURGER, a/k/a Christopher Umberger,

                    Defendant - Appellant.

Appeal from the United States District Court for the Southern
District of West Virginia, at Bluefield.  David A. Faber, Senior
District Judge.  (1:00-cr-00204-1)

Submitted:  October 21, 2011          Decided:  October 27, 2011

Before DUNCAN, DAVIS, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Troy N. Giatras, THE GIATRAS LAW FIRM, PLLC, Charleston, West
Virginia, for Appellant.  R. Booth Goodwin II, United States
Attorney, Miller Bushong, Assistant United States Attorney,
Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Umburger appeals the district court's order revoking his supervised release and sentencing him to twenty-four months' imprisonment. Umburger contends that the evidence was insufficient to support the district court's determination that he violated the conditions of his supervised release and that his sentence was plainly unreasonable. Furthermore, he claims that he did not receive the effective assistance of counsel during his revocation hearing. We affirm.

First, Umburger claims the evidence presented at his revocation hearing was insufficient to support the district court's determination that he violated the conditions of his supervised release. To revoke supervised release, a district court need only find a violation of a condition of the release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2006). We review a district court's decision to revoke for abuse of discretion. See United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). Because Umburger admitted two alleged violations and did not contest the third, the district court clearly acted within its discretion in finding the evidence sufficient to revoke supervised release.

Umburger is incorrect in his contention that the district court was required to find that he was actually convicted of the crime charged as the third violation before

2

finding him to be in violation of the relevant condition of his supervised release.  See U.S. Sentencing Guidelines Manual § 7B1.1, p.s., cmt. n.1; United States v. Jolibois, 294 F.3d 1110, 1114 (9th Cir. 2002).  Similarly, we find no merit in Umburger's assertion that his admissions, without more, were insufficient to support the district court's findings. Accordingly, we conclude that the district court did not err in revoking Umburger's supervised release.

Umburger next argues that his twenty-four-month sentence was plainly unreasonable because the district court failed to properly determine the maximum sentence and advisory policy statement range, neglected to make an adequate and individualized determination regarding the relevant 18 U.S.C. § 3553(a) (2006) factors, and declined to order an updated presentence report.

This court will affirm a sentence imposed upon revocation of supervised release if it is not plainly unreasonable.  United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010).  The first step in this review requires a determination of whether the sentence is unreasonable.  United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006).  "This initial inquiry takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for [G]uidelines sentences."  United

3

States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). Only if the sentence is procedurally or substantively unreasonable does the inquiry proceed to the second step of the analysis to determine whether the sentence is plainly unreasonable. Crudup, 461 F.3d at 438-39.

A supervised release revocation sentence is procedurally reasonable if the district court considered the advisory policy statement range based upon Chapter Seven of the Sentencing Guidelines and the 18 U.S.C. § 3553(a) (2006) factors relevant to supervised release revocation. See 18 U.S.C. § 3583(e) (2006); Crudup, 461 F.3d at 438-40. A sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." Thompson, 595 F.3d at 547 (internal quotation marks omitted).

Because Umburger did not request a sentence outside the policy statement range, we review his challenge to the adequacy of the explanation of his sentence for plain error. Thompson, 595 F.3d at 546; United States v. Lynn, 592 F.3d 572,

4

580 (4th Cir. 2010) (finding error not preserved where defendant failed to seek sentence outside Guidelines range).

Our review of the record indicates that the district court did not err in determining Umburger's sentence. First, it properly calculated his advisory range and maximum sentence. Additionally, it considered the remarks of both Umburger and his attorney concerning Umburger's medical needs, his personal and family history, the nature of and reasons for his violations, the varieties of confinement available, and other relevant § 3553(a) factors. See 18 U.S.C. § 3583(e). Moreover, there is no indication that the district court's decision to not update Umburger's presentence report caused it to neglect relevant information when considering his sentence.

With respect to substantive reasonableness, the district court imposed a sentence at the statutory maximum and within Umburger's policy statement range. Furthermore, it offered a sufficient basis for the sentence, noting, among other considerations, the protection of the public and the deterrence of future criminal conduct. See Thompson, 595 F.3d at 547 ("We may be hard-pressed to find any explanation for within-range, revocation sentences insufficient given the amount of deference we afford district courts when imposing these sentences."). Therefore, we find that Umburger's sentence was not plainly unreasonable.

5

Lastly, we find that Umburger's claim of ineffective assistance of counsel is not suitable for review on direct appeal. Claims of ineffective assistance of counsel generally are not cognizable on direct appeal unless the record conclusively establishes counsel's "objectively unreasonable performance" and resulting prejudice. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C.A. § 2255 (West Supp. 2011) in order to promote sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the record before us fails to conclusively establish Umburger's allegations regarding his counsel's actions and performance, we decline to consider his ineffective assistance claim in this direct appeal.

Accordingly, we affirm the revocation of Umburger's supervised release as well as his sentence. We deny Umburger's motion to file a supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED