**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 12-4003**

───────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

ANTONIO JERMAINE CAMPBELL, a/k/a Terrell Quinton Campbell,

            Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Patrick Michael Duffy, Senior District Judge.  (2:05-cr-01191-PMD-1)

───────────

Submitted:  July 31, 2012          Decided:  August 6, 2012

───────────

Before KING and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Cameron J. Blazer, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant.  William Nettles, United States Attorney, M. Rhett DeHart, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Jermaine Campbell appeals the district court's judgment sentencing him to twenty-four months' imprisonment for violating the terms and conditions of his supervised release. On appeal, Campbell argues that his revocation sentence is plainly unreasonable because the district court erred in finding that he committed a Grade B violation rather than a Grade C violation. We affirm.

This court will affirm a sentence imposed after revocation of supervised release if the sentence is within the applicable statutory maximum and is not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In determining whether a revocation sentence is unreasonable, "we follow generally the procedural and substantive considerations" used in reviewing original sentences. Id. at 438. Only if we find the sentence procedurally or substantively unreasonable must we decide whether it is plainly so. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). Campbell asserts only procedural error on appeal.

A revocation sentence is procedurally reasonable if the district court considered the U.S. Sentencing Guidelines Manual ("USSG") Chapter 7 (2011) advisory policy statements and the 18 U.S.C. § 3553(a) (2006) factors. Crudup, 461 F.3d at 440. Only if a sentence is found unreasonable will this court

2

"then decide whether the sentence is plainly unreasonable." Id. at 439. A sentence is "plainly" unreasonable if it is clearly or obviously unreasonable. Id.

Campbell argues that the district court committed procedural error in calculating his Guidelines range because it incorrectly found that he had committed a Grade B violation instead of a Grade C violation. "[T]he grade of violation is to be based on the defendant's actual conduct." USSG § 7B1.1, cmt. n.1; see United States v. Jolibois, 294 F.3d 1110, 1114 (9th Cir. 2002) (violation of terms of supervised release is determined based on defendant's conduct rather than an indictment or conviction). At the revocation hearing, Campbell admitted that he had assaulted and injured his father, but argued that the conduct should be considered a Grade C, rather than a Grade B, violation. The district court found that Campbell's conduct constituted aggravated assault, which under South Carolina law is punishable by a maximum of twenty years' imprisonment. S.C. Code Ann. § 16-3-600(B)(2) (2010). We conclude that Campbell failed to demonstrate that the court erred in finding that he committed a Grade B violation.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED