**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 11-5200**

—————————

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

    v.

BRIAN COLEMAN,

           Defendant - Appellant.

—————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:11-cr-00183-NCT-1)

—————————

Submitted: July 30, 2012           Decided: August 21, 2012

—————————

Before WILKINSON, KEENAN, and DIAZ, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Louis Carr Allen, III, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant. Clifton Thomas Barrett, Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian Coleman appeals the district court's order revoking his supervised release and sentencing him to twenty-four months of imprisonment. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal but questioning whether the district court abused its discretion in finding that Coleman had committed a Grade A violation and in imposing an active sentence. Although advised of his right to file a pro se supplemental brief, Coleman has not done so.

Generally, we review a district court's judgment revoking supervised release and imposing a term of imprisonment for abuse of discretion. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999); United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). To revoke supervised release, a district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2006); Copley, 978 at 831.

A Grade A violation results from "conduct constituting a federal, state, or local offense punishable by a term of imprisonment exceeding one year that . . . is a controlled substance offense." U.S. Sentencing Guidelines Manual § 7B1.1(a)(1) (2010) (USSG). A "controlled substance offense" for purposes of § 7B1.1(a)(1) includes state or federal crimes

2

prohibiting the distribution of a controlled substance, as well as the possession of a controlled substance with the intent to distribute, that are punishable by more than a year in prison. USSG §§ 4B1.2(b), 7B1.1 cmt. (n.3). The commentary to USSG § 7B1.1, p.s., emphasizes that the "grade of violation does not depend on the conduct that is the subject of criminal charges of which the defendant is convicted in a criminal proceeding. Rather, the grade of violation is to be based on the defendant's actual conduct." USSG § 7B1.1, p.s., cmt. (n.1); see United States v. Jolibois, 294 F.3d 1110, 1114 (9th Cir. 2002) (violation of terms of supervised release is determined based on defendant's conduct and may be found whether defendant was ever convicted of any particular offense).

At Coleman's revocation hearing, the Government presented the testimony of Detective Chris Sapp from the Randolph County Police Department, narcotics division. Sapp testified that, based on a confidential informant's controlled purchase of cocaine from Coleman, a search warrant of his residence was obtained and executed on February 11, 2011, resulting in the first set of state court charges alleged in the revocation petition. Based on this evidence, we find that the district court did not abuse its discretion in concluding that Coleman distributed cocaine. And, because the sale of cocaine constitutes a federal offense punishable by a term of more than

one year imprisonment, see 21 U.S.C. § 841 (2006), the district court did not abuse its discretion in concluding that Coleman's conduct constituted a Grade A offense.

A sentence imposed after revocation of supervised release should be affirmed if it is within the applicable statutory maximum and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In making this determination, we first consider whether the sentence imposed is procedurally or substantively unreasonable. Id. at 438. "This initial inquiry takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted).

A sentence imposed upon revocation of release is procedurally reasonable if the district court considered the Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) (2006) factors, see 18 U.S.C. § 3583(e); Crudup, 461 F.3d at 438-40, and adequately explained the sentence imposed, United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). A sentence imposed upon revocation of release is substantively reasonable if the district court stated a proper basis for concluding that the defendant should receive the sentence imposed, within the statutory maximum. Crudup, 461 F.3d at 440.

4

The court will affirm if the sentence is not unreasonable. <u>Id.</u> at 439. Only if a sentence is found procedurally or substantively unreasonable will the Court "decide whether the sentence is plainly unreasonable." <u>Id.</u> "[T]he court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." <u>Id.</u> (internal quotation marks omitted).

We conclude that Coleman's sentence is both procedurally and substantively reasonable. The district court considered the Chapter 7 policy statements and relevant statutory factors, and properly imposed a sentence that was reasonable and within the policy-statement range.

In accordance with <u>Anders</u>, we have reviewed the record and have found no meritorious issues for appeal. We therefore affirm the judgment below. This court requires that counsel inform Coleman, in writing, of his right to petition the Supreme Court of the United States for further review. If Coleman requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Coleman. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED