**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 12-4524**

—————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JACOB IVAN HILL,

Defendant - Appellant.

—————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:06-cr-00118-FDW-CH-1)

—————

Submitted: January 17, 2013        Decided: January 24, 2013

—————

Before MOTZ, GREGORY, and WYNN, Circuit Judges.

—————

Affirmed by unpublished per curiam opinion.

—————

D. Baker McIntyre, III, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jacob Ivan Hill appeals the district court's judgment revoking his supervised release and sentencing him to twenty-four months' imprisonment. Hill's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether the district court erred in finding that Hill committed a Grade A violation. Hill raises essentially the same contention in his pro se supplemental brief. For the reasons that follow, we affirm.

We review a district court's judgment revoking supervised release and imposing a term of imprisonment for abuse of discretion. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999). To revoke supervised release, a district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2006); United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). Because the standard of proof for a supervised release violation is less than that required for a criminal conviction, the district court may find that the defendant has violated a condition of his supervised release based on its own finding of new criminal conduct, even if the defendant is acquitted on criminal charges arising from the same conduct, or if the charges against him are dropped. United States v. Stephenson,

2

928 F.2d 728, 732 (6th Cir. 1991); see also United States v. Jolibois, 294 F.3d 1110, 1114 (9th Cir. 2002) (violation of terms of supervised release is determined based on defendant's conduct and may be found whether defendant was ever convicted of any particular offense).

Hill argues that, at most, he was guilty of a Grade C violation. This contention is not persuasive in light of the Government's evidence of Hill's conduct, which included the testimony of the investigating detective and video-recordings of Hill's assault on another man. The video-recordings depict Hill and his associate, Naskahari Williams, violently assaulting the victim; particularly, Hill punched the victim in the head and restrained the victim while Williams pistol whipped him. Although the district court considered Hill's claim that the assault was precipitated by the victim's threat to kill Hill and Williams, it did not credit that testimony. Such a credibility determination is not susceptible to appellate scrutiny. Accord United States v. Cates, 613 F.3d 856, 858 (8th Cir. 2010) ("Witness credibility is quintessentially a judgment call and virtually unassailable on appeal" (internal quotation marks omitted)).

A Grade A supervised release violation results from "conduct constituting a federal, state, or local offense punishable by a term of imprisonment exceeding one year

3

that . . . is a crime of violence." U.S. Sentencing Guidelines Manual ("USSG") § 7B1.1(a)(1)(i), p.s. (2006). A "crime of violence" for purposes of § 7B1.1(a)(1)(i), p.s. includes any state or federal crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another" or "is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another," that is punishable by more than a year in prison. USSG §§ 4B1.2(a), 7B1.1, p.s., cmt. n.2.

We agree with the district court's conclusion that the video-recordings reflect, at minimum, that Hill aided and abetted Williams' assault with a deadly weapon with the intent to kill and causing serious injury. Such an assault is classified as a Class C felony under North Carolina law. See N.C. Gen. Stat. § 14-32(a) (2011). Pursuant to North Carolina's Structured Sentencing Act, the lowest possible sentence a defendant convicted of this offense could receive is forty-four months' imprisonment. See N.C. Gen. Stat. § 15A-1340.17(c) (2011). We therefore readily affirm the district court's finding that Hill committed a Grade A violation. Finally, we note that the State of North Carolina's decision to dismiss its charges against Hill does not affect this analysis. See Stephenson, 928 F.2d at 732; USSG § 7B1.1, p.s., cmt. n.1.

4

Although Hill does not assign any error to or otherwise challenge the twenty-four-month sentence he received, because this case is before us pursuant to Anders, we have reviewed the sentence and conclude that it is procedurally and substantively reasonable. The sentence is within the prescribed sentencing range and is not plainly unreasonable. Accordingly, we affirm Hill's sentence. United States v. Crudup, 461 F.3d 433, 438–40 (4th Cir. 2006).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Hill, in writing, of his right to petition the Supreme Court of the United States for further review. If Hill requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court at that time for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hill. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED