**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———

**No. 12-4686**

———

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

LAMONT VAN HARRIS,

                    Defendant - Appellant.

———

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Thomas E. Johnston, District Judge.  (2:01-cr-00261-7)

———

Submitted:  February 26, 2013       Decided:  February 28, 2013

———

Before MOTZ, WYNN, and DIAZ, Circuit Judges.

———

Affirmed by unpublished per curiam opinion.

———

L. Thompson Price, HOLROYD & YOST, Charleston, West Virginia, for Appellant. Joshua Clarke Hanks, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

———

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lamont Van Harris appeals the district court's judgment revoking his supervised release and sentencing him to twenty-four months' imprisonment. Harris's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether the district court erred in finding that the petition to revoke supervised release was timely filed. In his pro se supplemental brief, Harris contends that he did not violate the conditions of supervised release based on criminal activity. The Government did not file a brief. For the reasons that follow, we affirm.

Harris filed a motion to dismiss the petition to revoke supervised release as being filed outside the three-year supervised release period. The total time that elapsed between Harris's initial release and the petition was three years, eight months, and fifteen days. In order for the petition to be timely, eight months and fifteen days of that period must be excluded or tolled. We conclude that the district court did not err in calculating and applying the fugitive tolling doctrine to Harris's circumstances and finding the petition timely filed. See United States v. Buchanan, 638 F.3d 448, 461 (4th Cir. 2011).

We review a district court's judgment revoking supervised release and imposing a term of imprisonment for abuse of discretion. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999). To revoke supervised release, a district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2006); United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). Because the standard of proof for a supervised release violation is less than that required for a criminal conviction, the district court may find that the defendant has violated a condition of his supervised release based on its own finding of new criminal conduct, even if the defendant is acquitted on criminal charges arising from the same conduct, or if the charges against him are dropped. United States v. Stephenson, 928 F.2d 728, 732 (6th Cir. 1991); see also United States v. Jolibois, 294 F.3d 1110, 1114 (9th Cir. 2002) (violation of terms of supervised release is determined based on defendant's conduct and may be found whether defendant was ever convicted of any particular offense).

Harris argues in his pro se supplemental brief that he is innocent of the conduct supporting the petition. However, because the court was permitted to rely upon the federal conviction for felon in possession of a firearm, we conclude that the violations were supported by a preponderance of the

3

evidence and Harris's supervised release was properly revoked. See Copley, 978 F.2d at 831; Jolibois, 294 F.3d at 1114.

Although Harris does not assign any error to or otherwise challenge the twenty-four-month sentence he received, because this case is before us pursuant to Anders, we have reviewed the sentence and conclude that it is procedurally and substantively reasonable. The sentence is not plainly unreasonable. Accordingly, we affirm Harris's sentence. United States v. Crudup, 461 F.3d 433, 438-40 (4th Cir. 2006).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Harris, in writing, of his right to petition the Supreme Court of the United States for further review. If Harris requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court at that time for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Harris. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4