**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-4897

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TOMMY ESSICK,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (2:95-cr-00112-NCT-6)

Submitted:  May 13, 2013                Decided:  May 24, 2013

Before GREGORY, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Eugene E. Lester, III, SHARPLESS & STAVOLA, PA, Greensboro, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Randall S. Galyon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tommy Essick appeals the district court's order revoking his supervised release and imposing a sentence of thirty months' imprisonment. Essick argues that his sentence is procedurally unreasonable because the district court erroneously characterized his conduct as a Grade A violation and because the court did not consider the 18 U.S.C. § 3553(a) (2006) factors applicable to supervised release revocation sentences. We affirm.

A district court has broad discretion to impose a sentence upon revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). We will affirm a revocation sentence if it is not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 439 (4th Cir. 2006). In making this determination, we first consider whether the sentence imposed is procedurally or substantively unreasonable. Id. at 438-49. Only if a sentence is found procedurally or substantively unreasonable will we "then decide whether the sentence is plainly unreasonable." Id. at 439. A revocation sentence is procedurally reasonable if the district court has considered the advisory policy statement range and the § 3553(a) factors applicable to supervised release revocation. Id. at 438-40. A revocation sentence is substantively

2

reasonable if the district court stated a proper basis for its sentencing decision. Id. at 440.

Essick first claims that the sentence imposed by the district court is procedurally unreasonable because the court erroneously classified his conduct as a Grade A violation of the terms of his supervised release. Essick argues that his conduct is punishable by less than one year in prison under state law and thus should be classified as a Grade B violation. However, a Grade A violation is "conduct constituting . . . a federal, state, or local offense punishable by a term of imprisonment exceeding one year that . . . is a controlled substance offense." U.S. Sentencing Guidelines Manual ("USSG") § 7B1.1(a)(1), p.s. (2012). The commentary to the Guidelines emphasizes that "[t]he grade of violation does not depend on the conduct that is the subject of criminal charges of which the defendant is convicted in a criminal proceeding. Rather, the grade of the violation is to be based on the defendant's actual conduct." USSG § 7B1.1, p.s., cmt. n.1; see also United States v. Jolibois, 294 F.3d 1110, 1114 (9th Cir. 2002) (concluding that violation of terms of supervised release is determined based on defendant's conduct and may be found whether defendant was ever convicted of any particular offense). Here, the Government presented evidence at the revocation hearing

3

establishing that Essick's conduct involved possession with the intent to distribute five ounces of marijuana, which constitutes a federal offense punishable by imprisonment for a term exceeding one year. See 21 U.S.C.A. § 841(b)(1)(D) (West Supp. 2012) (authorizing up to five years' imprisonment for possession with intent to distribute less than fifty kilograms of marijuana). Thus, because Essick's actual conduct constituted a federal offense punishable by imprisonment for a term exceeding one year, we conclude that the district court properly classified Essick's conduct as a Grade A violation.

Essick also argues that the district court did not consider the § 3553(a) factors applicable to supervised release revocation sentences. We disagree. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). However, "[a] court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." Thompson, 595 F.3d at 547 (internal quotation marks omitted).

Here, the district court imposed a below-Guidelines sentence of thirty months' imprisonment. The district court acknowledged Essick's age by noting that Essick first came before the court in 1990 and that "we're both older than we were when we first met each other." See 18 U.S.C. § 3553(a)(1). Further, the district court stated that it would "give [Essick] credit" for completing an alcohol treatment program while on supervised release. See 18 U.S.C. § 3553(a)(1). Additionally, in rejecting Essick's request for leniency, the court stated "there was too much involved in that earlier time, and then this, too." See generally 18 U.S.C. § 3553(a)(2)(C). Further, the district court recommended that Essick be permitted to participate in drug treatment programs while in prison. See 18 U.S.C. § 3553(a)(2)(D). We conclude that the court's comments demonstrated that it considered the relevant § 3553(a) factors.

Finally, Essick challenges the district court's refusal to give him credit for eighteen months' imprisonment that he served on a conviction for possession of a firearm by a felon that was later reversed. However, Essick cites to no authority establishing that the district court was required to take that into consideration. Accordingly, we find Essick's argument unpersuasive.

5

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED