**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4284**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JEREMY VASHON TUCKER, a/k/a Nicholas Wilson,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. Cameron McGowan Currie, Senior District Judge. (7:08-cr-00666-CMC-1)

Submitted: November 20, 2014          Decided: November 24, 2014

Before KING and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Bradley M. Kirkland, BRADLEY M. KIRKLAND, LLC, Columbia, South Carolina, for Appellant. David Calhoun Stephens, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeremy Vashon Tucker appeals the district court's judgment revoking his supervised release and sentencing him to twenty-four months in prison, which was at the top of Tucker's advisory policy statement range. Tucker's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court erred by revoking Tucker's supervised release based on criminal conduct for which Tucker had not been convicted. Although advised of his right to do so, Tucker has not filed a pro se supplemental brief. The Government has declined to file a response brief. For the reasons that follow, we affirm.

We review a district court's judgment revoking supervised release and imposing a term of imprisonment for abuse of discretion. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999). To revoke supervised release, a district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2012); United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992).

The district court found that Tucker violated the terms of his supervised release by committing another crime; namely, assaulting a police officer and causing injury. Specifically, on February 1, 2014, Tucker was arrested and

2

charged with violating S.C. Code Ann. § 16-9-320(B) (2003). To satisfy its burden of proof at the revocation proceeding, the Government presented evidence that, while serving his supervised release term, Tucker assaulted an officer of the Spartanburg County Sheriff's Office and injured him.

Tucker's lone appellate contention is that the district court should not have relied on this conduct to revoke his supervised release because he had not yet been convicted in state court. But whether Tucker is ultimately convicted of the state assault charge simply is of no matter. The district court may find that the defendant has violated a condition of his supervised release based on its own finding of new criminal conduct, even if the defendant is acquitted on criminal charges arising from the same conduct or if the charges against him are dropped. U.S. Sentencing Guidelines § 7B1.1, p.s., cmt. n.1 (2008); see United States v. Jolibois, 294 F.3d 1110, 1114 (9th Cir. 2002) ("A violation of supervised release is determined on the basis of the defendant's conduct; it may be found whether [defendant] was ever indicted or convicted of any particular offense."). Accordingly, we agree that a preponderance of the evidence showed that Tucker had committed a crime while on supervised release and find no abuse of discretion in the district court's decision to revoke Tucker's supervised release.

3

In accordance with <u>Anders</u>, we have reviewed the record in this case and found no meritorious issues for appeal. We therefore affirm the judgment revoking Tucker's supervised release and imposing a twenty-four-month term of imprisonment. This court requires that counsel inform Tucker, in writing, of the right to petition the Supreme Court of the United States for further review. If Tucker requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Tucker. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>