**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 18-4388**

———————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

MONTRELLE LAMONT CAMPBELL,

    Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Patrick Michael Duffy, Senior District Judge.  (2:07-cr-01123-PMD-1)

———————

Submitted:  April 22, 2025         Decided:  April 29, 2025

———————

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:** Emily Deck Harrill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Christopher Braden Schoen, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2007, Montrelle Lamont Campbell pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1), and the district court sentenced Campbell to 105 months' imprisonment and three years of supervised release. In 2018, the district court revoked Campbell's supervised release and sentenced him to 24 months' imprisonment with no period of supervision to follow. The revocation was based on the court's finding that Campbell committed five violations of the terms of his supervised release, including new criminal conduct, as he had recently been convicted in state court of murder and attempted murder.

Campbell appealed, and we remanded the case to the district court for the limited purpose of ruling on Campbell's motion to stay his revocation sentence while his criminal appeal proceeded through state court. Ultimately, the state supreme court upheld Campbell's convictions, and the appeal of the supervised release revocation sentence was returned to this court. Campbell's counsel has now filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the district court erred in relying on the murder and attempted murder convictions, without additional testimony, in revoking Campbell's supervised release while those convictions were being appealed.

We review a district court's revocation decision for abuse of discretion. *United States v. Dennison*, 925 F.3d 185, 190 (4th Cir. 2019). A district court may revoke a defendant's supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). Moreover,

2

if a defendant is found to have committed a Grade A violation, "the court shall revoke probation or supervised release." U.S. Sentencing Guidelines Manual §7B1.3(a)(1), p.s. (2024).

We conclude that the district court did not abuse its discretion in finding, by a preponderance of the evidence, that Campbell had committed the new criminal conduct based on the state court convictions. A district court can find a defendant committed new criminal conduct by a preponderance of the evidence even if the defendant is later acquitted of the charges arising from that conduct, the charges are later dismissed, or the defendant's conviction is subsequently overturned. *United States v. Stevenson*, 928 F.2d 728, 732 (6th Cir. 1991); *see also United States v. Jolibois*, 294 F.3d 1110, 1114 (9th Cir. 2002) (noting supervised release violations can be found even where charges for new criminal conduct were later dismissed). Therefore, the court did not err in relying on the convictions to find the supervised release violation, even though the appeal of those convictions was pending at the time of the revocation.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This Court requires that counsel inform Campbell, in writing, of the right to petition the Supreme Court of the United States for further review. If Campbell requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Campbell.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*